**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

SUSAN FLACK

          **Plaintiff,**

   v.                                Civil Action 2:18-cv-501
                                     Judge Algenon L. Marbley
                                     Magistrate Judge Jolson

COMMISSIONER OF
SOCIAL SECURITY,

          **Defendant.**

**REPORT AND RECOMMENDATION AND ORDER**

This matter is before the Court on Plaintiff's Motion for Leave to File First Amended Complaint (Doc. 10). For the reasons that follow, it is **RECOMMENDED** that Plaintiff's Motion for Leave to File First Amended Complaint be **DENIED** as futile. Further, the parties are **DIRECTED** to meet and confer regarding a proposed scheduling order and shall file their proposed scheduling order by November 23, 2018.

## I. PROCEDURAL HISTORY

In 2014, Plaintiff filed an application for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Social Security Act ("SSA"), alleging disability beginning on January 5, 2012. (Tr. 408–414, PAGEID #: 465–71). After initial administrative denials of Plaintiff's claims, Administrative Law Judge Patricia Carey ("the ALJ") heard the case on April 20, 2017. (Tr. 80–130, PAGEID #: 134–184). On August 16, 2017, the ALJ issued a decision, finding that Plaintiff was not disabled within the meaning of the Social Security Act. (Tr. 9–30, PAGEID #: 63–84). Plaintiff requested a review of the Hearing, and the Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. (Tr. 1–6, PAGEID #: 55–60).

Plaintiff then filed this case. (Doc. 1). Roughly three months later, on August 31, 2018, Plaintiff filed a Motion for Leave to File First Amended Complaint ("Motion for Leave to Amend"), challenging the constitutional authority of the ALJ who heard her social security disability case. (Doc. 10). Plaintiff then filed an Unopposed Motion for Extension of Time to file her Statement of Errors. (Doc. 11). On September 11, 2018, the Undersigned stayed the proceedings for 45 days. (Doc. 14). Defendant filed an opposition to Plaintiff's Motion for Leave to Amend on October 11, 2018 (Doc. 15), and Plaintiff filed a reply brief (Doc. 16). Accordingly, the Motion for Leave to Amend is now ripe for review.

## II.  STANDARD

Rule 15(a)(2) of the Federal Rules of Civil Procedure governs motions for leave to amend. The Rule provides that a court may "freely give leave [to amend a pleading] when justice so requires," and supports the principle that cases should be tried on their merits "rather than [on] the technicalities of pleadings." *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) (internal quotation marks omitted). Despite this generally liberal standard, if a proposed amendment would not survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court may also disallow the amendment as futile. *See Thiokol Corp. v. Dept. of Treasury*, 987 F.2d 376, 382 (6th Cir. 1993).

## III.  ANALYSIS

In her Motion for Leave to Amend, Plaintiff contends that the ALJ who decided her claim was an "inferior officer[] within the meaning of the Constitution's Appointments Clause" and thus seeks to challenge the constitutional authority the ALJ had to her disability case. (*See generally* Doc. 10). Plaintiff relies primarily on *Lucia v. S.E.C.*, ⸺ U.S. ⸺, 138 S. Ct. 2044, 201 L. Ed. 2d 464 (2018), which held that the administrative law judges for the Securities and Exchange

Commission ("SEC") are "Officers of the United States," and, therefore, are subject to the Appointments Clause. 138 S Ct. at 2055. Plaintiff asserts that, under *Lucia*, social security ALJS are also "inferior officers" within the meaning of the Appointments Clause and that her ALJ "had not been properly appointed according to Constitutional requirements." (Doc. 10 at 2–3).

In response, Defendant argues that Plaintiff's challenge is untimely. (Doc. 15 at 4 (citing *Lucia*, 138 S. Ct. at 2055)). According to Defendant, Plaintiff "fail[ed] to assert a challenge to the ALJ's appointment before the agency at any point in the administrative proceedings[.]" (*Id*.). Defendant thus argues that because Plaintiff failed to raise a timely challenge to the ALJ's constitutional authority, she has forfeited her Appointments Clause challenge. (*Id*.). The Court agrees.

As an initial matter, the Court notes that while courts and jurists often use the terms "waiver" and "forfeiture" interchangeably, Plaintiff's argument in this case would be forfeited rather than waived because forfeiture involves the "failure to make the timely assertion of a right, whereas waiver is the 'intentional relinquishment or abandonment of a known right.'" *U.S. v. Olano*, 507 U.S. 725, 733, 113 S. Ct. 1770, 1777 (1993) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). This is so here because the "right" was not known until the Supreme Court's June 21, 2018 decision in *Lucia*.

In *Lucia*, the Supreme Court held that "'one who makes a timely challenge to the constitutional validity of the appointment of an officer who adjudicates his case is entitled to relief." 138 S. Ct. at 2055 (quoting *Ryder v. United States*, U.S. 177, 182–83, 115 S. Ct. 2031, 132 L. Ed. 2d 136 (1995)). The Court found that the plaintiff had "made just such a timely challenge: He contested the validity of [the presiding ALJ's] appointment before the Commission, and continued pressing the claim in the Court of Appeals and this Court." *Id*.

Unlike the plaintiff in *Lucia*, Plaintiff did not contest the validity of the Social Security Administration ALJ who decided her case during the administrative process. Instead, this Court is the first forum in which Plaintiff has made the claim. Plaintiff defends her timing in a few ways.

First, Plaintiff contends that she was unable to raise her Appointments Clause challenge earlier because *Lucia* had not yet been decided. (Doc. 10 at 3). In support, Plaintiff turns to the Sixth Circuit's decision in *Jones Brothers, Inc. v. Secretary of Labor, Mine Safety, and Health Administration*, 898 F.3d 669 (6th. Cir. 2018). In *Jones Brothers*, a company hired to perform road repairs disputed civil penalties imposed by the Mine Safety and Health Administration for failing to comply with the agency's safety requirements. 898 F.3d at 671–72. Although Plaintiff had not raised an Appointments Clause challenge before the ALJ, it did so later before the commission by noting a circuit split over whether ALJs not appointed by the President may constitutionally decide cases. *Id*. at 673. In considering the case, the Sixth Circuit first noted the general rule that Appointments Clause challenges can be forfeited if not raised during administrative proceedings. *Id*. at 675–77. Applying this general rule, the Sixth Circuit held that the plaintiff had forfeited its Appointments Clause challenge at the administrative level by failing to "press" the issue. *Id*. at 677. But the Court went on to excuse the forfeiture, explaining that the plaintiff was unsure whether the commission had authority to rule on the constitutional claim. *Id*. at 678. Accordingly, the Sixth Circuit found that the plaintiff's "reasonable" uncertainty, along with its acknowledgment of the circuit split before the commission, provided grounds for excusing the forfeiture. *Id*. at 678. The Sixth Circuit then applied *Lucia*, vacated the commission's decision, and remanded the case to the administrative level "[b]ecause the administrative law judge was an inferior officer of the United States because she was not appointed by the President, a court of law, or the head of a department, as the Constitution demands." *Id*. at 672.

The Court finds that *Jones Brothers* is distinguishable here, and a district court in this circuit recently explained why. *See Page v. Comm'r of Soc. Sec.*, No. 17-13716, 2018 WL 5668860 (E.D. Mich. Oct. 31, 2018). In *Page v. Commissioner of Social Security*, the plaintiff, like Plaintiff here, relied on both *Lucia* and *Jones Brothers* to test the authority of the ALJ who decided her case. *Id*. at *2. Specifically, she cited *Jones Brothers* in arguing that her failure to raise the constitutional issue at the administrative level should be excused. *Id*. The Court rejected the plaintiff's argument, holding that the particular facts of the case did "not warrant making an exception to the general rule that the failure to bring as-applied claims at the administrative level results in waiver." *Id*. at *3. In so holding, the Court found the plaintiff's argument that she was "unaware of the constitutional inadequacy of the presiding ALJ" to be "unavailing." *Id*. Although *Jones Brothers* predated the plaintiff's case, the plaintiff in *Jones Brothers* noted a circuit split regarding the appointment of ALJs while the case was still at the administrative level. *Id*. On the other hand, the plaintiff in *Page*, like Plaintiff here, "failed to raise, much less develop the Appointments Clause issue at the administrative level although the split in authority occurred long before the application for benefits was considered by the Appeals Council." *Id*. In short, the plaintiff could have made an argument like the plaintiff in *Jones Brothers* did. But because the plaintiff in *Page* "failed to make an argument or even note a split of authority pertaining to the appointment of the ALJ at any point in the administrative proceeding," the court concluded that "the *Jones Brothers* holding [could not] be extended to the facts" of the case. *Id*.

So too here. Like the plaintiff in *Page*, Plaintiff failed to make any noise regarding her Appointments Clause challenge during the administrative proceedings. Therefore, because Plaintiff did not raise her Appointments Clause challenge before the ALJ or the Appeals Council, the Court finds that Plaintiff has forfeited this argument. *See id*.

5

Second, Plaintiff argues that the Commissioner is improperly requiring her to exhaust. (*See* Doc. 16 at 2–5). In support, she relies on the Supreme Court's decision in *Sims v. Apfel,* maintaining that *Sims* stands for the broad proposition that issue exhaustion is not required in social security cases. (*See* Doc. 16 at 2–5 (citing 530 U.S. 103, 120 S. Ct. 2080, 147 L. Ed. 2d 80 (2000)). The Supreme Court in *Sims* held, "Claimants who exhaust administrative remedies need not also exhaust issues in a request for review by the [Social Security] Appeals Council in order to preserve judicial review of those issues." *Id*. at 2086. Importantly, the Court expressly noted that "[w]hether a claimant must exhaust issues before the ALJ is not before us." *Id*. at 107. Courts to have considered the issue uniformly have concluded that *Sims* should not be read so broadly as to mean that a claimant need not exhaust issues before the ALJ. *See, e.g.*, *Stearns v. Berryhill*, No. C17-2031-LTS, 2018 WL 4380984, at *5 (N.D. Iowa Sept. 14, 2018) (rejecting social security claimant's reliance on *Sims* and holding that she forfeited her Appointments Clause challenge because she did not raise it before or during the ALJ's hearing, or at any time before the ALJ's decision became final); *Davis v. Comm'r of Soc. Sec.*, No. 17-cv-80-LRR, 2018 WL 4300505, at *9 (N.D. Iowa Sept. 10, 2018) (rejecting social security claimant's reliance on *Sims* and noting that *Sims* "concerned only whether a claimant must present all relevant issues to the *Appeals Council* to preserve them for judicial review") (emphasis in original); *Iwan v. Comm'r of Soc. Sec.* No. 17-cv-97-LRR, 2018 WL 4295202, at *9 (N.D. Iowa Sept. 10, 2018) (same); *Thurman v. Comm'r of Soc. Sec.*, No. 17-cv-35-LRR, 2018 WL 4300504, at *9 (N.D. Iowa Sept. 10, 2018) (same). Accordingly, *Sims* is inapposite here.

As such, the Court finds that Plaintiff's proposed interpretation of *Sims* is too broad. *Sims* left untouched the general rule that a claimant forfeits a claim on appeal that she failed to raise during the administrative process. *See Stevens v. Comm'r of Soc. Sec.*, No. 14-2186, 2016 WL

692546, at *11 & n.6 (S.D. Ohio Feb. 22, 2016) (noting that failure to raise issue before ALJ constitutes waiver), *report and recommendation adopted*, No. 14-2186, 2016 WL 1156518 (S.D. Ohio Mar. 24, 2016); *Davidson v. Comm'r of Soc. Sec.*, 2018 WL 4680327, at *2 (M.D. Tenn. Sept. 28, 2018) (finding that plaintiff waived her Appointments Clause challenge by failing to raise it at the administrative level); *Shaibi v. Berryhill*, 883 F.3d 1102, 1109 (9th Cir. 2017) ("[W]hen claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal.") (internal quotation marks omitted); *Anderson v. Barnhart*, 344 F.3d 809, 814 (8th Cir. 2003) (finding that a claimant's failure to raise a disability claim during the administrative process "waived [the claim] from being raised on appeal"); *Trejo v. Berryhill*, No. EDCV 17-0879-JPR, 2018 WL 3602380, at *3 (C.D. Cal. July 25, 2018) ("To the extent *Lucia* applies to Social Security ALJs, [the] [p]laintiff has forfeited the issue by failing to raise it during her administrative proceedings."). Because Plaintiff failed to present her Appointments Clause challenge before the ALJ *or* the Appeals Council, she forfeited her Appointments Clause challenge. *See Stearns*, 2018 WL 4380984, at *5; *Davis*, 2018 WL 4300505, at *9; *Iwan*, 2018 WL 4295202, at *9; *Thurman*, 2018 WL 4300504, at *9.

Third, Plaintiff maintains that it would have been futile to present her Appointments Clause challenge to an ALJ. (Doc. 16 at 6). She explains that while her claim was pending before the Appeals Counsel, the SSA issued an emergency message which stated that the Appeals Council "will not acknowledge, make findings related to, or otherwise discuss the Appointments Clause issue." (*Id*.). She further notes that "ALJs were then instructed by the Office of General Counsel that they will not otherwise discuss or make any findings related to the Appointments Clause issue." (*Id*. (internal quotation marks omitted)). According to Plaintiff, the emergency message "unquestionably declared that any Appointments Clause challenges raised administratively would

be futile." (*Id.*). What Plaintiff fails to consider, however, is that regardless of the memorandum, she still could have raised her Appointments Clause challenge before the ALJ.

A district court recently considered and rejected a plaintiff's attempt to rely on a substantively similar SSA emergency message issued in June. *See Stearns*, 2018 WL 4380984, at *4–5. In *Stearns*, the plaintiff, relying on *Lucia*, "pointe[d] out that the Commissioner has released an emergency message directing ALJs to note on the record whether an Appointments Clause challenge is made at the administrative level, but '[b]ecause SSA lacks the authority to finally decide constitutional issues such as these, ALJs will not discuss or make any findings related to the Appointments Clause issue on the record.'" *Id.* at *4 (quoting EM-18003 REV, effective June 25, 2018). The Court held that the plaintiff had forfeited her Appointments Clause challenge, explaining:

> In *Lucia*, the Supreme Court acknowledged the challenge was timely because it was made before the Commission. In the context of Social Security disability proceedings, that means the claimant must raise the issue before the ALJ's decision becomes final. . . . *Lucia* makes it clear that this particular issue must be raised at the administrative level.
>
> Because [plaintiff] did not raise an Appointments Clause issue before or during the ALJ's hearing, or at any time before the ALJ's decision became final, I find that she has forfeited the issue for consideration on judicial review.

*Id.* at *5–6. In light of the Supreme Court's decision in *Lucia* and subsequent courts' analyses of the issue, the Court finds that, even considering the directive of the emergency message, Plaintiff has forfeited her Appointment Clause claim. *See id*.

Finally, the Court notes that as of this date, the courts to have considered the issue have all agreed: To challenge the validity of the ALJ's appointment under the Appointments Clause, a plaintiff must raise the claim at the administrative level; otherwise, the claim is forfeited. *See Page*, 2018 WL 5668850, at *4; *Stearns*, 2018 WL 4380984, at *6; *Salmeron v. Berryhill*, No. cv

8

17-3927-JPR, 2018 WL 4998107, at * 3 (C.D. Cal. Oct. 15, 2018); *Garrison v. Berryhill*, No. 1:17-cv-00302-FDW, 2018 WL 4924554, at *2 (W.D.N.C. Oct. 10, 2018); *Davidson*, 2018 WL 4680327, at *2; *Davis*, 2018 WL 4300505, at *9; *Thurman*, 2018 WL 4300504, at *9; *Iwan*, 2018 WL 4295202, at *9.

In sum, the Court finds that the facts of this case do not warrant an exception to the general rule that the failure to bring an as-applied claim at the administrative level results in forfeiture. *See Page*, 2018 WL 5668860, at *3. Accordingly, Plaintiff's request to amend her complaint to add a challenge to the ALJ's authority under the Appointments Clause is futile.

## IV. CONCLUSION

For the above reasons, it is **RECOMMENDED** that Plaintiff's Motion for Leave to File First Amended Complaint be **DENIED** as futile. Further, the parties are **DIRECTED** to meet and confer regarding a proposed scheduling order and shall file their proposed scheduling order by November 23, 2018.

## V. PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed finding or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a de novo determination of those portions of the Report or specific proposed findings or recommendations to which objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

November 16, 2018

/s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE