# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| SUSAN FLACK, | : |
| Plaintiff, | : |
| | : Case No. 2:18-CV-00501 |
| v. | : |
| | : JUDGE ALGENON L. MARBLEY |
| COMMISSIONER OF SOCIAL SECURITY, | : |
| | : Magistrate Judge Jolson |
| Defendant. | : |

## OPINION & ORDER

This matter comes before the Court on the Magistrate Judge's November 16, 2018 **Report and Recommendation** (ECF No. 17), which recommended that Plaintiff's Motion for Leave to File First Amended Complaint be **DENIED** as futile. This Court hereby **ADOPTS** the Report and Recommendation in its entirety after consideration of the analysis therein.

## I. BACKGROUND

In 2014, Plaintiff applied for disability insurance benefits, alleging a period of disability beginning on January 5, 2012. (ECF No. 17 at 1). An Administrative Law Judge ("ALJ") heard the case on April 20, 2017, and on August 16, 2017 found that Plaintiff was not disabled under the Social Security Act. (*Id.*). Plaintiff's request for review was then denied by the Appeals Council, making final the ALJ's decision and the decision of the Commissioner. (*Id.*).

On August 31, 2018, Plaintiff for the first time attempted to raise an Appointments Clause cause of action by filing a Motion for Leave to File Amended Complaint. (ECF No. 21 at 1). Defendant objected to Plaintiff's motion and Plaintiff subsequently filed a reply brief. (*Id.*).

United States Magistrate Judge Jolson then issued a Report and Recommendation on November 16, 2018, recommending that Plaintiff's motion be denied. (*Id.*). Thereafter, Plaintiff filed objections to Magistrate Judge Jolson's recommendation. (*Id.*).

## II. STANDARD OF REVIEW

Rule 15(a)(2) of the Federal Rules of Civil Procedure controls motions for leave to amend. The rule states that a court may "freely give leave [to amend a pleading] when justice so requires." *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) (internal quotation marks omitted). The purpose of this rule is to support the principle that cases should be tried on their merits "rather than the technicalities of pleadings." *Id*. Such a decision—whether justice so requires—is "committed to the district court's sound discretion." *Id*. However, where a proposed amendment would not survive a Rule 12(b)(6) motion to dismiss, "the court need not permit the amendment." *Neighborhood Development Corp. v. Advisory Council on Historic Preservation,* 632 F.2d 21, 23 (6th Cir.1980).

When a party objects to a magistrate judge's report and recommendation, the assigned district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P 72(b)(3); *see also* U.S.C. § 636(b)(1)(C). Following review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*. *See also* U.S.C. § 636(b)(1)(C). Here, Plaintiff has filed an objection to the Report and Recommendation (ECF No. 17), and accordingly, this Court will review the properly objected portion of the recommended disposition *de novo*.

## III. LAW & ANALYSIS

### A. Exhaustion

The question is whether Plaintiff has successfully exhausted her claims at the Appeals Council in order to preserve them for judicial review. The Magistrate Judge concluded she had not, and this Court agrees.

First, Plaintiff's interpretation of issue exhaustion requirements and her reliance on *Sims* are misplaced. In *Sims*, the Supreme Court held that a claimant need not raise an argument at the Appeals Council in order to preserve that argument for judicial review. *Sims v. Apfel*, 530 U.S. 103, 112 (2000). Magistrate Judge Jolson noted that "*Sims* left untouched the general rule that a claimant forfeits a claim on appeal that she failed to raise during the administrative process." (ECF No. 17 at 6). Other courts in the Sixth Circuit have found that *Sims* addressed only whether a claimant must preserve all relevant issues to the Appeals Council to preserve them for judicial review, and did not address whether a claimant must exhaust issues before an ALJ. *See, e.g., Stevens v. Comm'r of Soc. Sec.*, No. 2:14-CV-2186, 2016 WL 692546, at *11 & n.6 (S.D. Ohio Feb. 22, 2016), *report and recommendation adopted*, 2016 WL 1156518 (S.D. Ohio Mar. 24, 2016) (the issue of whether a claimant must exhaust issues before the ALJ was not before the Court); *Benedict v. Comm'r of Soc. Sec.*, No. 1:13-CV-2026, 2014 WL 3053305, at *14 (N.D. Ohio July 7, 2014) (holding that "[t]he *Sims* Court did not address whether a claimant would waive judicial review by failure to raise an issue before the ALJ."); *Monateri v. Comm'r of Soc. Sec.*, No. 1:08-CV-1297, 2009 WL 10679740, at *2 (N.D. Ohio Oct. 19, 2009), *aff'd,* 436 F. App'x 434 (6th Cir. 2011) (noting that *Sims* did not address whether a claimant must exhaust issues before the ALJ).

Here, Plaintiff incorrectly reads *Sims* to say that she need not raise her Appointments Clause challenge before an ALJ because issue exhaustion is not required. However, *Sims* stands for the proposition that Plaintiff need not raise an argument at the Appeals Council in order to preserve the argument for review. But *Sims* does not discuss ALJs. Because *Sims* did not address the need for exhaustion to preserve an argument in front of an ALJ, the rule and reasoning of *Sims* is unavailing in this context. Plaintiff failed to raise her claim before an ALJ, and so Plaintiff has forfeited her Appointments Clause challenge by failing to raise it.

Plaintiff also does not identify any error of law on the part of the Magistrate Judge and simply reiterates her argument that the principles from *Sims* should be extended to allow her to file an amended complaint to include an Appointments Clause challenge. Therefore, Plaintiff forfeited her Appointment Clause challenge by failing to raise it before the ALJ.

### B. Futility of Raising Appointment Clause Challenge

Plaintiff further argues that it would have been futile for her to bring her challenge because the Social Security Agency (SSA) issed an emergency message prohibiting ALJs from making findings related to Appointments Clause issues. However, the emergency message issued by the SSA did nothing to prohibit Plaintiff from raising her Appointments Clause challenge before the ALJ. (ECF No. 17 at 6). As Magistrate Judge Jolson noted, the Northern District of Iowa rejected a claimant's attempt to rely on a substantively similar SSA emergency message, rejecting this argument for the same reasons as noted above. *Id*. at 8 (citing *Stearns*, 2018 WL 4380984, at *4–5). In *Stearns*, the Court relied on *Lucia*, which stands for the proposition that, in the context of Social Security disability proceedings, the claimant must raise the issue before the ALJ's decision becomes final or the issue is forfeited for consideration on judicial review. *Lucia v. S.E.C,* 138 S. Ct. 2044, 2055-56 (2018). This means that this particular issue must be raised at

the administrative level. *Stearns* at *5. Therefore, in *Stearns*, the Court found that because plaintiff did not raise "an Appointments Clause issue before or during the ALJ's hearing, or at any time before the ALJ's decision become final," she forfeited the issue for consideration upon review. *Id.* at *6.

Additionally, post-*Lucia*, multiple courts have concluded that "a plaintiff's failure to raise the Appointments Clause issue before the ALJ results in forfeiture of that claim upon judicial review." *See See Page v. Comm'r of Soc. Sec*, 2018 WL 5668850, at *3; *Faulkner*, 2018 WL 6059403, at *3; *Davidson v. Comm'r of Soc. Sec.*, No. 2:16-cv-00102, 2018 WL 4680327, at *2 (M.D. Tenn. Sept. 28, 2018); *Salmeron v. Berryhill*, No. CV 17-3927, 2018 WL 4998107, at *3 n.5 (C.D. Cal. Oct. 15, 2018); *Iwan v. Comm'r of Soc. Sec.*, No. 17-cv-97, 2018 WL 4295202, at *9 (N.D. Iowa Sept. 10, 2018); *Stearns v. Berryhill*, No. C17-2031, 2018 WL 4380984, at *6 (N.D. Iowa Sept. 14, 2018); *Thurman v. Comm'r of Soc. Sec.*, No. 17-cv-35-LRR, 2018 WL 4300504, at *9 (N.D. Iowa Sept. 10, 2018); *Williams v. Berryhill*, No. 2:17-cv-87, 2018 WL 4677785, at * *2-3 (S.D. Miss. Sept. 28, 2018); *Garrison v. Berryhill*, No. 1:17-cv-00302, 2018 WL 4924554, at *2 (W.D.N.C. Oct. 10, 2018). Citing *Willis v. Comm'r of Soc. Sec.*, No. 1:18-CV-158, 2018 WL 6381066, at *3 (S.D. Ohio Dec. 6, 2018).

Here, Plaintiff failed to raise an Appointments Clause challenge before the ALJ or the Appeals Council. By failing to raise the challenge at the administrative level or before the ALJ's decision became final, Plaintiff's Appointments Clause challenge was not done in a timely manner. The emergency message did nothing to bar Plaintiff from raising her challenge and preserving it for judicial review. Regardless of what the message dictated or prohibited, Plaintiff still could have raised her Appointments Clause challenge before the ALJ for the purpose of preserving the issue for later review. From this, Magistrate Judge Jolson concluded that

"[b]ecause Plaintiff failed to present her Appointments Clause challenge before the ALJ or the Appeals Council, she forfeited her Appointments Clause challenge." (ECF No. 17 at 6). Therefore, the emergency message issued by the SSA did not render Plaintiff's Appointment Clause challenge futile. Accordingly, Plaintiff's failure to raise such a timely challenge has forfeited her Appointments Clause challenge.

### C.  Uniformity of Courts' Opinion on this Issue

In Plaintiff's third objection, she argues there is disagreement among courts that have considered this question. Plaintiff offers three recently decided cases from the Eastern District of Virginia. However, as even Plaintiff notes, these cases merely state that the present issue is still in the "process [of] only starting to work its way through the courts." (ECF No. 20 at 4). These cases do not indicate significant differing opinions on the question. Defendant has offered cases from within and outside this district which conclude that a plaintiff's failure to raise an Appointments Clause challenge before or during the appointment process forfeits his/her right to later raise an appeal. *See Page*, 2018 WL 5668850, at *4; *Stearns*, 2018 WL 4380984, at *6; *Salmeron v. Berryhill*, No. cv-17-3927-JPR, 2018 WL 4998107, at * 3 (C.D. Cal. Oct. 15, 2018); *Garrison v. Berryhill*, No. 1:17-cv-00302-FDW, 2018 WL 4924554, at *2 (W.D.N.C. Oct. 10, 2018); *Davidson*, 2018 WL 4680327, at *2; *Davis*, 2018 WL 4300505, at *9; *Thurman*, 2018 WL 4300504, at *9; *Iwan*, 2018 WL 4295202, at *9.

The cases Plaintiff cites were also discussed in *Willis v. Comm'r of Soc. Sec.,* No. 1:18-CV-158, 2018 WL 6381066, which presented the same question. In *Willis*, the Court decided this issue by stating: "although plaintiff cites three decisions from the Eastern District of Virginia and one from the Eastern District of Pennsylvania which granted leave to amend post-*Lucia*, the Court is persuaded by the reasoning of cases from the district courts within the Sixth Circuit"

that a plaintiff forfeits her Appointments Clause challenge by failing to raise it at the administrative level. *Willis v. Comm'r of Soc. Sec.*, No. 1:18-CV-158, 2018 WL 6381066, at *3 (S.D. Ohio Dec. 6, 2018)). Courts saying otherwise reasoned that it made little sense to impose such a requirement, "especially in SSA proceedings which often involve *pro se* litigants unskilled in the law and nuances of concepts like waiver, forfeiture, and the Appointments Clause." *Muhammed v. Berryhill*, No. 18-172 (E.D. Pa. Nov. 2, 2018); (ECF No. 20 at 3). However, Plaintiff here is not a *pro se* litigant.

Next, Plaintiff attempts to rely on *Jones Brothers, Inc. v. Secretary of Labor, Mine Safety, and Health Administration,* 898 F. 3d 669 (6th. Cir. 2018). In *Jones Brothers*, the Sixth Circuit held that the plaintiff had forfeited their Appointments Clause challenge at the administrative level by failing to "press" the issue. *Id.* at 677. The panel went on to excuse the forfeiture, explaining that the Plaintiff was unsure whether the commission had authority to rule on the constitutional claim and noting Plaintiff's acknowledgment of this circuit's split in opinions. *Id.* at 677-78. However, *Jones Brothers* is distinguishable here and a district court in this Circuit recently explained why. *Page v. Comm'r of Soc. Sec.*, No. 17-13716, 2018 WL 5668860 (E.D. Mich. Oct. 31, 2018). Like Plaintiff here, the plaintiff in *Page* cited *Jones Brothers* to argue that her failure to raise the constitutional issue at the administrative level should be excused. *Id.* at *2. That court found plaintiff's argument to be unavailing because, unlike in *Jones Brothers*, the plaintiff in *Page* "failed to raise, much less develop the Appointments Clause issue at the administrative level although the split in authority occurred long before the application for benefits was considered by the Appeals Council." *Id* at *3. This is true of Plaintiff here, too.

In short, Plaintiff "failed to make an argument or even note a split of authority" pertaining to ALJ appointments at "any point in the administrative proceeding." *Id.* Like the

plaintiff in *Page*, Plaintiff failed to press the issue or make any noise regarding her Appointments Clause challenge during the administrative proceedings. Additionally, *Muhammad* is unpersuasive because it does not outweigh the considerable precedent relying on *Lucia* that requires a timely challenge. Therefore, the few cases Plaintiff uses to show a lack of consensus among courts on this issue are unpersuasive and not squarely on point with the facts of this case. Plaintiff's Appointments Clause challenge is forfeited because she failed to raise it at the administrative level.

## IV. CONCLUSION

The Court hereby **ADOPTS** the Report and Recommendation based on consideration of the analysis therein and **DENIES** Plaintiff's Motion for Leave to File First Amended Complaint.

**IT IS SO ORDERED.**

                                                                        **s/Algenon L. Marbley**
                                                                       **ALGENON L. MARBLEY**
                                                                       **UNITED STATES DISTRICT JUDGE**

**DATED: March 18, 2019**